# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **IESHA GODFREY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:18-CV-00342-ADA** |
| | § | |
| **LABRAD DIAGNOSTICS, LLC,** | § | |
| **SAM AKERS,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court is pro se Defendant Sam Akers's amended motion to vacate, dismiss, and stay enforcement, Dkt. 17, and all related briefing. After reviewing the filings and the relevant law, the undersigned will recommend that the District Judge set aside the entry of default judgment against Akers.

## I.      BACKGROUND

Plaintiff Iesha Godfrey sued Akers and Defendant Labrad Diagnostics, LLC ("Labrad") in 2018 under the Fair Labor Standards Act ("FLSA"), the Texas Minimum Wage Act ("TMWA"), and for breach of contract. Dkt. 1. Godfrey alleged that Akers owned Labrad, which employed Godfrey as a phlebotomist. *Id.* at 1-2. After Akers failed to answer or otherwise respond within the time allotted, Godfrey moved for, and the clerk entered, Akers's default, noting that Akers had been properly served.

1

Dkt. 8. Godfrey then moved for default judgment, which the District Judge[1] granted in November 2018. The Court closed the case.

In 2025, Akers moved to vacate the default judgment arguing he never received notice of the suit, the Court lacks personal jurisdiction over him, Godfrey fails to state a claim against him, and the judgment violates his due-process rights. Dkt. 12. In response, Godfrey asked the Court to strike Akers's motion for failing to conform with the requirements of Federal Rule of Civil Procedure 11(a), arguing that Akers's motion included only a Post Office ("PO") box address and that Godfrey and her counsel were therefore unable to contact Akers to discuss his motion or a potential resolution of the dispute. Dkt. 15, at 2-3; Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. … The court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention."). On the merits, Godfrey argued the Court has personal jurisdiction over Akers and Godfrey has stated a claim against him. Dkt. 15, at 3-6. Godfrey added that in the event the Court declined to dismiss the case for Akers's failure to comply with Rule 11(a), she conceded that Akers was not properly served, since the process server left service at the address of Labrad's Registered Agent. *Id.* at 6. Godfrey requested that the Court allow her to properly serve Akers. *Id.* at 6.

---

[1] This case was reassigned to United States District Judge Alan Albright in September 2025.

The undersigned ordered Akers to file an amended motion to vacate and dismiss containing his address, e-mail address, and telephone number, warning Akers that failure to comply with the order may result in denial of his motion. Dkt. 16. Akers filed an amended motion to vacate and dismiss, including a PO box address, an email address, and a telephone number. Dkt. 17. Godfrey responded, arguing that the Court should dismiss the case because Akers's motion still failed to comply with Rule 11(a). Dkt. 18, at 2-3. Despite conceding in her response to Akers's first motion to vacate and dismiss that service upon Akers was improper, Godfrey argues in her response to Akers's amended motion that Akers fails to carry his burden to show service was improper. Dkts. 15, at 6; 18, at 4.

## II.   DISCUSSION

### A.   The District Judge should decline to deny Akers's motion for failure to comply with Rule 11.

In her response to Akers's amended motion to vacate and dismiss, Godfrey asserts that Akers failed to comply with the Court's order that he file an amended motion to vacate and dismiss containing an address, e-mail address, and telephone number as required by Rule 11(a). Dkt. 18, at 2-3; *see* Dkt. 16; Fed. R. Civ. P. 11(a). Specifically, Godfrey believes that rather than provide a telephone number, Akers provided a fax number that does not belong to Akers. Dkt. 18, at 3. Godfrey says this leaves her "unable to contact Akers to discuss" the case. *Id.* Akers did not file any reply.

Given Akers provided at least a mailing address and e-mail address, Godfrey's complaint that she cannot contact Akers is not well taken. *See* Dkt. 17, at 5. Godfrey

3

can contact—and serve—Akers using the methods he provided. Therefore, the District Judge should decline to deny Akers's motion for failure to comply with Rule 11 or the Court's order.

To the extent Akers failed to provide a telephone number in compliance with Rule 11 and the Court's order, the undersigned will order Akers to include his telephone number, along with a mailing address and e-mail address, on all future filings. The Court warns Akers that failure to do so may result in sanctions for failure to comply with a Court order.

### B.      The District Judge should set aside the default judgment.

Federal Rule of Civil Procedure 55(c) provides that a district court "may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) states a court may relieve a party from a final judgment or order based on

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Fifth Circuit has made clear that a district court "'must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process.'" *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (quoting *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001)).

4

While the Federal Rules permit service on a corporation, partnership, or association by delivering a copy of the summons and complaint to an officer or authorized agent, service on an individual such as Akers must be accomplished (1) according to state law where the district court is located or where service is made; or (2) by delivering a copy of the summons and complaint to the individual, leaving a copy at the individual's home with someone of suitable age and discretion, or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e), (h). Under Arizona law, where service on Akers was attempted, *see* Dkt. 5-1, an individual may be served using the same means as under the Federal Rules. Ariz. R. Civ. P. 4.1(d). In Texas, where the district court sits, service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a).

The record demonstrates—and Godfrey concedes—that the process server attempted "substitute" service on Akers by delivering summons and a copy of the complaint to Noel Heatherly at Labrad's corporate address in Oro Valley, Arizona. Dkt. 5-1, at 3; *see* Dkt. 15, at 6. Service was improper under federal, Arizona, and Texas law. It is undisputed that the process server did not deliver a copy of the summons and complaint to Akers personally, leave the copies at Akers's home, or mail them to Akers. *See* Dkts. 5-1; 15, at 6; Fed. R. Civ. P. 4(e); Ariz. R. Civ. P. 4.1(d); Tex. R. Civ. P. 106(a). The record also shows that Heatherly is Labrad's registered agent; there is no evidence that Heatherly was authorized by appointment or law to

receive service of process on Akers's behalf. *See* Dkt. 5-1, at 6; Fed. R. Civ. P. 4(e); Ariz. R. Civ. P. 4.1(d). And despite the process server's note that they were able to serve Akers via "substitute" service, Dkt. 5-1, at 2-3, Godfrey did not request and the District Judge did not authorize substitute service in this manner.

Because service was improper, the Court is required to set aside the default judgment as void. *Espinoza*, 44 F.4th at 276. Accordingly, the undersigned will recommend that the District Judge do so.

### C.     The District Judge should extend the time to serve Akers.

When the Court sets aside a default judgment as void for deficient service, Rule 4(m) governs the Court's next steps. *See Espinoza*, 44 F.4th at 276. The rule requires that when service is not accomplished within the allotted time, a court must generally dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). But where the plaintiff shows "good cause" for the failure to properly serve, the court must extend the time for service for an appropriate period. *Id.* The analysis under Rule 4(m) requires two steps:

> [W]hen a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.

*Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (emphasis in original) (quoting *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "'When service of process is challenged, the serving party bears the burden of proving … good cause for failure to effect timely service.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 511

6

(5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just., Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)).[2]

Typically, good cause for failure to timely serve "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin*, 289 F. App'x at 692 (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). It also requires "'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance.'" *Id.* (quoting *Lambert*, 44 F.3d at 299).

However, if the applicable statute of limitations is likely to bar future litigation, dismissal for failure to show good cause has the same effect as dismissal with prejudice. *See Thrasher*, 709 F.3d at 512. "Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* at 512-13 (cleaned up). A clear record of delay is one "'characterized by significant periods of total inactivity.'" *Id.* at 513 (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008)). And "'it is not a party's negligence—regardless of how

---

[2] Godfrey argues in her response to Akers's amended motion to vacate and dismiss that "[u]nless the defect in service is shown on the face of the return, the defendant is required to produce affidavits, discovery materials or other admissible evidence establishing lack of proper service." Dkt. 18, at 3 (citing *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941-42 (10th Cir. 1987)). Godfrey cites no in-circuit authority for this proposition. But to the extent it applies here, the undersigned finds the defect in service is shown on the face of the return. *See* Dkt. 5-1, at 3 (showing attempted service on Akers via Noel Heatherly).

7

careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice.'" *Millan*, 546 F.3d at 327 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1998)) (internal quotation marks omitted). Where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found that at least one of the[se] aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* at 326 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Each of the statutes of limitations applicable to Godfrey's claims have passed. The statute of limitations for claims under the FLSA expires two years after the plaintiff's cause of action accrues, or if the violation was willful, three years after the cause of action accrues. 29 U.S.C. § 255. Since Godfrey's cause of action accrued in 2018, *see* Dkt. 1, the statute of limitations has expired regardless of whether Akers's alleged violations were willful. *See id.* The statute of limitations under the TMWA expires two years after the date on which the unpaid wages are due and payable. Tex. Labor Code § 62.202. That period has expired, too. And in Texas,[3] the statute of limitations for a breach-of-contract claim is four years. *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, 668 F. Supp. 3d 684, 695 n.34 (W.D. Tex. 2023) (citing Tex. Civ.

---

[3] "A federal court exercising diversity jurisdiction applies state substantive law, including the state's statute of limitations and exceptions." *Tex. RRR Oil & Gas, LLC v. Bank of Am. Corp.*, No. 5:24-CV-1346-JKP, 2026 WL 193593, at *3 (W.D. Tex. Jan. 23, 2026) (citing *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009)); *see also N.P.U., Inc. v. Wilson Audio Specialties, Inc.*, 343 F. Supp. 3d 661, 664 (W.D. Tex. 2018) (noting that *Erie*'s rule that federal courts sitting in diversity apply state substantive law also applies to state-law claims over which a federal court exercises supplemental jurisdiction).

Prac. & Rem. Code § 16.004(a) (stating that "[a] person must bring suit on" an action for "debt" "not later than four years after the day the cause of action accrues"); *Perez v. Gulley*, 829 S.W.2d 388, 390 (Tex. App—Corpus Christi 1992, writ denied) ("The section 16.004(a)(3) limitations period on an action for debt also includes all suits brought to recover money for breach of contract.")); *see also Beavers*, 566 F.3d at 439 (noting Texas applies a four-year statute of limitations to breach-of-contract claims under Tex. Civ. Prac. & Rem. Code § 16.051).

Because the applicable statutes of limitations have expired, any dismissal of Godfrey's case would be, in effect, with prejudice. The undersigned accordingly analyzes Godfrey's conduct under the more stringent standards for dismissals with prejudice. *See Thrasher*, 709 F.3d at 512-13.

There is no clear record of delay on Godfrey's part. While of course several years have passed since the Court entered default judgment against Akers, Godfrey diligently pursued her case on the belief that service was effective. *See* Dkts. 3 (requesting issuance of summons less than one month after filing the complaint); 5-1 (attempting service less than one month after filing the complaint); 5 (moving, albeit prematurely, for default judgment about three months after attempting service); 7 (moving for entry of default on the same day the Clerk of Court issued a deficiency notice as to the motion for default judgment). Once Akers identified the deficiencies in service, Godfrey promptly responded to his motion to set aside the default judgment. *See* Dkts. 12; 14; 15. And though Godfrey was negligent in failing to properly serve Akers, there is no evidence of any "resistance to authority" that would

support a finding that Godfrey's conduct was contumacious. *See Millan*, 546 F.3d at 327.

Further, no aggravating factors are present here. First, the delay in this case was not caused by Godfrey herself, but counsel's mistake in failing to closely review the affidavits of service at the time they were created. *See id.* at 326; Dkt. 5-1. Second, the only potential prejudice to Akers is "that of having to defend the case on its merits and the possibility of someone having to pay damages" to Godfrey. *Millan*, 546 F.3d at 327. "That is not the sort of prejudice that requires dismissal." *Id.* Third, there is no evidence of intentional misconduct on Godfrey's part. *See id.* at 326.

Finally, the undersigned notes that no party disputes the effectiveness of service on Labrad or that Akers owned and operated Labrad at the time the complaint was filed. *See* Dkt. 1, at 2. The same person, Noel Heatherly, received copies of the summons and complaint on behalf of both Akers and Labrad. *See* Dkt. 5-1. Though, as stated above, this service was deficient as to Akers, these circumstances suggest Akers may have known about the suit at the time Labrad was served.

Therefore, the undersigned will recommend that the District Judge extend the time for Godfrey to properly serve Akers for 30 days after any adoption of this recommendation.[4]

---

[4] As for Akers's motions to dismiss, *see* Dkt. 17, Akers was required to move to dismiss by separate motion under Section 3(g) of the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas. The undersigned will therefore not address those requests here. The undersigned will recommend that the District Judge order the parties to file a proposed scheduling order within 14 days of effective service on Akers. Akers may reurge any of his bases for dismissal after he is properly served.

10

### III.    ORDER AND RECOMMENDATION

In accordance with the above, the undersigned **ORDERS** that Akers include a mailing address, e-mail address, and telephone number on all future filings. The undersigned **WARNS** Akers that failure to comply with this order may result in sanctions.

The undersigned **RECOMMENDS** that the District Judge **GRANT** Akers's motion, Dkt. 17, and **SET ASIDE** the default judgment against him.

The undersigned **FURTHER RECOMMENDS** that the District Judge extend the time for Godfrey to properly serve Akers for 30 days after any adoption of this recommendation.

The undersigned **FINALLY RECOMMENDS** that the District Judge order the parties to file a proposed scheduling order within 14 days of effective service on Akers.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and,

11

except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 15, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE